IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| BRYANT KESSLER JONES, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | Civil Action No. 4:13-CV-761-O |
| | § | (Consolidated with Nos. 4:13-CV-762-O |
| WILLIAM STEPHENS, Director, | § | and 4:14-CV-165-O) |
| Texas Department of Criminal Justice, | § | |
| Correctional Institutions Division, | § | |
| | § | |
| Respondent. | § | |

**OPINION AND ORDER**

Before the Court is a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 filed by Petitioner, Bryant Kessler Jones, a state prisoner confined in the Correctional Institutions Division of the Texas Department of Criminal Justice (TDCJ), against William Stephens, Director of TDCJ, Respondent. After considering the pleadings and relief sought by Petitioner, the Court has concluded that the petition should be denied.

**I. BACKGROUND**

In July 2010 Petitioner was indicted in Tarrant County, Texas, for engaging in organized criminal activity-murder (count one) and murder (count two) in Case No. 1207009R. Adm. R., Clerk's R. 7, ECF No. 11-8. In August 2010, Petitioner was indicted in Tarrant County, Texas, for engaging in organized criminal activity-aggravated assault with a deadly weapon in Case No. 1208348. Adm. R., Clerk's R. 6, ECF No. The Seventh District Court of Appeals of Texas summarized the factual background of the case as follows:

> On March 22, 2009, Telefario Mitchell and Julian Campbell attended a party and, after leaving, followed a young female friend to a gas station. While there, two males exited from the female's car and went to talk with individuals in a third

      vehicle. As they did, a vehicle carrying appellant and other members of a gang known as BDH[1] appeared. A fight then ensued, and the two young men who had been in the woman's car jumped into Campbell's. Campbell then drove away, but as he stopped for a red light, the vehicle carrying appellant and his fellow gang members pulled up next to it. Appellant fired seven shots into Campbell's car, killing Mitchell and injuring another passenger [Michael Ogbeide].

Mem. Op. 2, ECF No. 11-6.

      A jury found Petitioner guilty on all counts and assessed his punishment at 80, 60 and 40 years' imprisonment for the offenses. *Id.* TDCJ's Offender Information Details, *available at* http://www.tdcj.state.tx.us. The Seventh Court affirmed the trial's court judgments. Op., ECF No. 15-4. Petitioner did not file a petition(s) for discretionary review in the Texas Court of Criminal Appeals but did file three relevant state habeas applications, one for each conviction, which were denied by the Court of Criminal Appeals without written order on the findings of the trial court. SH-04 thru -06.[2] These petitions for federal habeas relief challenging his three convictions followed.

## II. ISSUES

      Petitioner raises five grounds, in which he claims that he was improperly charged, convicted and sentenced twice of murder of the same person in violation of double jeopardy and his constitutional right to a fair trial; that the prosecution presented misleading facts to the grand jury to indict him twice for murder of the same person in violation of his constitutional right to a fair trial; that he received ineffective assistance of trial and appellate counsel because counsel failed to raise his double-jeopardy claim before trial or on appeal; and that there is no evidence that he engaged in a continuing course of criminal activity and, thus, is actually innocent of engaging in organized

---

[1] "BDH" stands for "Bustin Heads Daily." RR, vol. 3, 27, ECF No. 21-1.

[2] It does not appear that the records for these three state habeas applications were filed electronically, thus record references refer to the hard copy of the three records, which are cited as SH-04 in reference to WR-79,784-04, SH-05 in reference to WR-79,784-05, and SH-06 in reference to WR-79,784-06.

criminal activity. Pet. 6-7, ECF No. 1; Pet. 6-7, Civil Action No. 4:13-CV-762-O, ECF No. 1; Pet. 6, Civil Action No. 4:14-CV-165-O, ECF No. 1.

### III. RULE 5 STATEMENT

Respondent believes the petition is neither barred by the statute of limitations nor successive and does not contend that any of Petitioner's claims are unexhausted or procedurally barred. Resp't's Supp. Ans. 5, ECF No.

### IV. DISCUSSION

#### A. Legal Standard for Granting Habeas-Corpus Relief

A § 2254 habeas petition is governed by the heightened standard of review provided for in the Anti-Terrorism and Effective Death Penalty Act (AEDPA). 28 U.S.C. § 2254. Under the Act, a writ of habeas corpus should be granted only if a state court arrives at a decision that is contrary to or an unreasonable application of clearly established federal law as established by the Supreme Court or that is based on an unreasonable determination of the facts in light of the record before the state court. 28 U.S.C. § 2254(d)(1)–(2); *Harrington v. Richter,* 131 S. Ct. 770, 785 (2011). This standard is difficult to meet and "stops short of imposing a complete bar on federal court relitigation of claims already rejected in state proceedings." *Harrington*, 131 S. Ct. at 786.

Additionally, the statute requires that federal courts give great deference to a state court's factual findings. *Hill v. Johnson*, 210 F.3d 481, 485 (5th Cir. 2000). Section 2254(e)(1) provides that a determination of a factual issue made by a state court shall be presumed to be correct. A petitioner has the burden of rebutting the presumption of correctness by clear-and-convincing evidence. 28 U.S.C. § 2254(e)(1); *Miller-El v. Cockrell*, 537 U.S. 322, 340 (2003); *Williams v. Taylor*, 529 U.S. 362, 399 (2000).

Finally, when the Texas Court of Criminal Appeals denies relief in a state habeas-corpus application without written order, as in this case, it is an adjudication on the merits, which is also entitled to the presumption of correctness. *Singleton v. Johnson*, 178 F.3d 381, 384 (5th Cir. 1999); *Ex parte Torres*, 943 S.W.2d 469, 472 (Tex. Crim. App. 1997). Under these circumstances, a federal court may assume the state court applied correct standards of federal law to the facts, unless there is evidence that an incorrect standard was applied. *Townsend v. Sain,* 372 U.S. 293, 314 (1963)[3]; *Catalan v. Cockrell,* 315 F.3d 491, 493 n.3 (5th Cir. 2002); *Valdez v. Cockrell,* 274 F.3d 941, 948 n.11 (5th Cir. 2001); *Goodwin v. Johnson,* 132 F.3d 162, 183 (5th Cir. 1997).

**B. Double Jeopardy**

The Double Jeopardy Clause of the Fifth Amendment protects against: (1) a second prosecution for the same offense after acquittal; (2) a second prosecution for the same offense after conviction; and (3) multiple punishments for the same offense. *Brown v. Ohio,* 432 U.S. 161, 165 (1977). Petitioner's first four grounds for relief are based on his argument that he could not be charged, convicted and sentenced for both engaging in organized criminal activity-murder and murder of the same person and that by doing so the state violated double jeopardy and his right to a fair trial. Thus, this case involves a multiple-punishments issue.

Generally, whether different statutes punish the same offense is judged by "whether each provision requires proof of an additional fact which the other does not." *Id.* at 166 (quoting *Blockburger v. United States,* 284 U.S. 299, 304 (1932)). In Texas, a person commits murder if he intentionally or knowingly causes the death of an individual, or intends to cause serious bodily injury

---

[3]The standards of *Townsend v. Sain* have been incorporated into 28 U.S.C. § 2254(d). *Harris v. Oliver*, 645 F.2d 327, 330 n.2 (5th Cir. 1981).

and commits an act clearly dangerous to human life that causes the death of an individual. TEX. PENAL CODE ANN. § 19.02(b)(1) & (2) (West 2011). A person commits the offense of engaging in organized criminal activity if, with the intent to establish, maintain or participate in a combination or in the profits of a combination or as a member of a criminal street gang, he commits or conspires to commit the offense of murder. *Id.* § 71.02(a)(1) (West Supp. 2013). "It is no defense to prosecution under Section 71.02 that . . . a person has been charged with, acquitted, or convicted of any offense listed in Subsection (a) of Section 71.02[.]" *Id.* § 71.03(3).

Although the offense of murder has the same elements in each offense, the Supreme Court has held that even when crimes have the same elements under the *Blockburger* test, there is no double-jeopardy violation when both are tried in one prosecution and the state legislature intended for both offenses to be separately punished. *Missouri v. Hunter,* 459 U.S. 359, 368 (1983). *See also Garza v. State,* 213 S.W.3d 338, 351-52 (Tex. Crim. App. 2007) (quoting *Hunter,* noting that the *Blockburger* test does not "trump clearly expressed legislative intent," and concluding that convictions for both organized criminal activity and the underlying criminal offense do not violate the Double Jeopardy Clause), *cert. denied,* 133 S. Ct. 1250 (2013). Clearly, the Texas legislature intended that defendants charged with both engaging in organized criminal activity and commission of the underlying offense be punished for both, notwithstanding their "sameness." The state legislature has indicated with sufficient clarity its intention that a defendant charged with engaging in organized criminal activity may also be charged in the same proceeding with the underlying offense and punished for both. *Id.* Thus, as a matter of state law, assessing separate punishments against a defendant in a single prosecution for both murder and murder as a member of a criminal

5

street gang does not violate the multiple-punishment prohibition of the Double Jeopardy Clause.[4] *Id.* The state legislature has expressed its intent to authorize conviction and punishment for both engaging in organized criminal activity and any of the underlying offenses listed in section 71.02. *See* TEX. PEN. CODE ANN. § 71.03 (West 2011) (providing it is not a defense to prosecution under section 71.02 that "a person has been charged with, acquitted, or convicted of any offense listed in Subsection (a) of Section 71.02"); *see also Lam v. State,* 17 S.W.3d 381, 385 (Tex. App.–Houston [1st Dist.] 2000, pet. ref'd) (holding that engaging in organized criminal activity is a separate offense from any of the predicate acts listed under section 71.02(a) for double jeopardy purposes); *Crumpton v. State,* 977 S.W.2d 763, 770 (Tex. App.–Fort Worth 1998, no pet.) (holding that nothing precludes the State from prosecuting both an organized criminal activity offense and a theft offense as separate offenses and seeking separate punishments); *Reina v. State,* 940 S.W.2d 770, 775-76 (Tex. App.–Austin 1997, pet. ref'd) (holding Legislature intended that a person may be tried and convicted of both engaging in organized criminal activity and attempted murder). It necessarily follows that counsel had no basis upon which to move for dismissal on double jeopardy grounds and there was no misconduct on the part of the state in seeking indictment of Petitioner for both offenses.

### C. Actual Innocence

Petitioner also claims he is actually innocent of engaging in organized criminal activity because there is no evidence of "continuity." Pet'r's Traverse 4, ECF No. 32. According to Petitioner, the state failed to prove that he intended "to establish, maintain, or participate in a combination [or as a member of a criminal street gang] to commit [or conspire to commit] one or

---

[4]In support of his claim, Petitioner cites the Court to the Texas Court of Criminal Appeals's plurality opinion in *Ex parte Chaddock,* 369 S.W.3d 880 (Tex. Crim. Apps. 2012), however, *Chaddock* was a case involving successive prosecutions.

more enumerated offenses" under § 71.02(a) because "carrying on a criminal activity cannot be understood to include an agreement to jointly commit a single act. That it must be an element of intended continuity which the members intended to work together in a continuing course of criminal activity." Civil Action No. 4:14-CV-165-Y, Pet. 6, ECF No. 1. Under state law, a "'[c]riminal street gang' means three or more persons having a common identifying sign or symbol or an identifiable leadership who continuously or regularly associate in the commission of criminal activities." TEX. PENAL CODE ANN. § 71.01(d) (West 2011). Presumably, Petitioner's claim is a reference to this statutory provision.

The state habeas court entered the following relevant facts on the issue:

6. Evidence at trial established that Applicant was in a car with other members of his gang, BHD, when he fired seven shots into the car.

7. The victim, Michael Ogbiede, was a member of a rival gang, Lynch Mobs.

8. Applicant shot at the vehicle with the victim inside while everyone was fleeing the scene of a fight between the two gangs.

9. There was more than some evidence that Applicant committed the offense with the intent to establish, maintain, or participate as a member of a gang.

SH-06 34.

Based on its findings, the state court concluded there was some evidence that Petitioner committed the offense with the intent to participate as a member of a criminal street gang. *Id.* An insufficiency-of-the-evidence claim warrants federal habeas corpus relief only where the evidence, viewed in the light most favorable to the prosecution, is such that no rational jury could have found the essential elements of the crime beyond a reasonable doubt. *Jackson v. Virginia,* 443 U.S. 307, 319 (1979). The testimony of Desmond Montreal Blair, Patrick McClendon, Tomderrion Wilson,

Greg Allen, Caboris Duncan, also members or former members of BHD, in conjunction with the testimony of Keyeon Cooks, a member of a rival gang, and Detective Mullikin, an officer with the Arlington gang unit, reflects that Petitioner was one of the original BHD gang or "clique" members; that BHD is one of forty documented criminal street gangs in Arlington; that BHD has allies and rival gangs, including local gangs CSB ("Certified Slider Bitch") and "Lynch Mob"; that BHD and rival gangs fight frequently and BHD planned to fight CSB on the night in question; that Petitioner got a gun from his house before going to fight CSB; that Petitioner was the shooter; that Petitioner and one or more members of BHD planned and agreed to "pin" the murder on a "newbie" gang member; that the shooting was gang-related and "occurred for gang purposes"; that BHD has more than three members, identifiable signs, leadership and colors; that Petitioner has a street name and gang-related tattoos and is a documented member of BHD; that BHD members regularly engaged in criminal acts together, including such offenses as criminal mischiefs, weapon offenses, drug offenses, assaults, aggravated assaults, shootings, deadly conducts; and that Petitioner is an active participant in the criminal activity of BHD.  RR, vol. 3, 135, 138, 154, ECF No. 12-2; RR, vol. 4, 38, 45, 60-61, 69, 106, 113-16, 122-27, 159, 198-201, 205-06, 240, ECF Nos. 12-2 & 12-3; RR, vol. 5, 15-21-22, 73-93, 98-99, ECF No. 12-3.  Although the state courts only determined there was some evidence to support Petitioner's convictions, this evidence, viewed in the light most favorable to the prosecution, was more than sufficient to permit a reasonable jury to find Petitioner intentionally murdered Telefario Mitchell and that as a member of the street gang BHD he committed murder.

## V. CONCLUSION

For the reasons discussed herein, Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 is **DENIED**.  Further, pursuant to 28 U.S.C. § 2253(c), for the reasons discussed

herein, a certificate of appealability is **DENIED**.

**SO ORDERED** on this 12th day of November, 2014.

_____
Reed O'Connor
**UNITED STATES DISTRICT JUDGE**